**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Jane Doe (A.S.), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:23-cv-1969 |
| | § | |
| Wyndham Hotels & Resorts, Inc. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF A.S.'S DISCOVERY/CASE MANAGEMENT PLAN

Per the Court's Order for Conference and Disclosure of Interested Parties (ECF No. 10),

Plaintiff A.S., ("Plaintiff" or "A.S.") respectfully submits this Discovery and Case Management

Plan.

### 1. Rule 26(f) meeting

Plaintiff and Defendants have not yet met for the 26(f) meeting but is working with Defendant Wyndham to find a time to meet and confer prior to the August 31, 2023, hearing. Plaintiff submits this report on its behalf only but has marked similar and competing provisions within this case management plan.

### 2. List the cases related to this case pending in any state or federal court, with the case number and court.

None.

### 3. Briefly describe what this case is about.

The Plaintiff A.S. brings this suit pursuant to the Trafficking Victim Protection Reauthorization Act ("TVPRA"), Title 18 U.S.C. § 1591, et. seq. The TVPRA criminalizes the sex trafficking of children and adults by force, fraud, or coercion. Also, the statute provides a civil remedy for the victims. See 18 U.S.C. § 1595. Plaintiff alleges that on numerous occasions between 2008 and 2012, she was trafficked at a franchised Days Inn in Houston, Texas. the Resort asserts that: (a) the 10-year Statute of Limitations expired before the plaintiff filed suit and (b) the plaintiff fails to assert facts with sufficient specificity that escapes dismissal under Federal Rules of Civil Procedure, Rules 8(a)(2) and 12(b)(6). This Court ruled that Defendant's Motion to Dismiss was denied and the case should proceed with litigation.

**4.  Specify the allegation of federal jurisdiction.**

Plaintiff brings this suit under 18 U.S.C. § 1595(a), thereby giving this court subject matter jurisdiction under 28 U.S.C. § 1331. The Court also has diversity jurisdiction under 28 U.S.C. § 1332.

**5.  Name the parties who disagree and the reasons.**

Like Wyndham, none.

**6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Unlike Wyndham, Plaintiff does not anticipate the need for any additional parties. Plaintiff intends on moving for a Protective Order to protect Plaintiff from her traffickers. Plaintiff has sent a proposed Protective Order to Defendants as of 8/22/23.

**7.  List anticipated interventions.**

Like Wyndham, none.

**8.  Describe class-action issues.**

None.

**9.  State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Consistent with the federal rules, Plaintiff will be making its initial disclosures in advance of the Court conference scheduled for August 31, 2023. However, Plaintiff will not disclose her identity until the entering of a protective order. Once a protective order is in place, she will disclose her identity within 10 days.

10. Describe the proposed discovery plan, including:

   a.  *Responses to all the matters raised in Rule 26(f).*

   (A) Plaintiff will produce to Defendant Wyndham its initial disclosures in advance of the Court conference on August 31, 2023. However, Plaintiff, requests a change that she will not disclose her identity until the entering of a protective order. Once a protective order is entered into, Plaintiff will disclose her True Identity, per the terms of the agreement, to Defendant Wyndham.

   (B) Plaintiff anticipates conducting discovery on, among other things: (i) Plaintiff will seek discovery on: list of custodial files and databases; quality assurance reports;

franchise agreements if one exists or any operating agreement for the specific properties at issue; brands standards; any internal documents related to the police showing up at the properties (complaints);  revenue generated; customer reviews and complaints in the aggregate and summaries of those complaints and reviews; wi-fi policies; data stored with respect to guests; front desk documents related to stays; Do Not Rent lists; all documents related to training for safety issues including human trafficking; all documents related to reasonable efforts engaged in order to determine if Defendants financially benefits from trafficking occurring on their properties; and the databases in which information is stored. Plaintiff reserves the right to identify further discovery.

(C) Plaintiff intends to start taking depositions when Plaintiff receives documents from Defendant's first production. But Plaintiff intends on taking early on a 30(b)(6) deposition and an ESI deposition in order to understand the corporate structure and systems used by Wyndham to properly tailor discovery requests.

(D) In line with Wyndham's provision, Plaintiff has sent a proposed ESI and Confidentiality Agreement to Defendant Wyndham.

(E) Plaintiff, like Wyndham, is not seeking deviations from the standard federal limitations on discovery in this case.

(F) Plaintiff will request a protective order governing the use and disclosure of her true identity during the course of discovery.

b.   *When and to whom the plaintiff anticipates it may send interrogatories.*

Plaintiff intends to send interrogatories prior to the August 31, 2023, conference.

c.   *When and to whom the defendant anticipates it may send interrogatories.*

Unknown to Plaintiff.

d.   *Of whom and by when the plaintiff anticipates taking oral depositions.*

Plaintiff intends to start taking depositions when Plaintiff receives documents from Defendant's first production. But Plaintiff intends on taking early on a 30(b)(6) deposition and an ESI deposition in order to understand the corporate structure and systems used by Wyndham to properly tailor discovery requests.

e.   *Of whom and by when the defendant anticipates taking oral depositions.*

Unknown to Plaintiff.

f. *When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports*

Plaintiff intends to meet with Defendant Wyndham on Friday, August 25, 2023, and discuss, but Plaintiff requests a discovery period of twelve months following the entering of the protective orders. Plaintiff requests that its expert disclosure deadline be set for at least 90 days after the close of discovery.

g. *List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).*

Plaintiff anticipates deposing all experts designated by Wyndham.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

Plaintiff meets with Defendant Wyndham on Friday, August 25, 2023, and will meet and confer regarding a proposed discovery schedule.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

Plaintiff requests a discovery period of at least twelve months following the entering of the protective orders.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties are too early on to discuss settlement discussions, but Plaintiff is always willing to engage in meaningful settlement discussions. Plaintiff intends on making an initial demand shortly after discovery starts.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties entered into a tolling agreement that expired earlier this year.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

Plaintiff also agrees with Wyndham that mediation is reasonably suitable.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Plaintiff agrees with Wyndham and does not consent to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

Plaintiff made a jury demand in her petition.

19. **Specify the number of hours it will take to present the evidence in this case.**

Plaintiff anticipates this trial will take three (3) weeks.

20. **List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

None.

21. List other motions pending.

None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiff did not file its Certificate of Interested Parties, because there are no other interested parties in this lawsuit on behalf of plaintiff.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

Kenneth T. Fibich
Texas Bar No. 06952600
tfibich@fibichlaw.com
Sara J. Fendia
Texas Bar No. 06898800
sfendia@fibichlaw.com
1150 Bissonnet Street
Houston, Texas 77005

T: 713.751.0025
F. 713.751.0030
*Counsel for Plaintiff*

Steven C. Babin
steven.babin@babinlaws.com
Jennifer J. El-Kadi
jennifer.elkadi@babinlaws.com
Babin Law, LLC
65 East State Street, Suite 1300
Columbus, Ohio 43215
T: 614.761.8800
*Counsel for Plaintiff*

Jason Hopkins
Texas Bar No. 24059969
jason.hopkins@us.dlapiper.com
DLA Piper LLP (US)
1900 N. Pearl St. Suite 2200
Dallas, Texas 75201
T: 214.743.4500
*Counsel for Defendant Wyndham Hotels & Resorts, Inc.*

Christopher B. Donovan
Texas Bar No. 24097614
christopher.b.donovan@us.dlapiper.com
DLA Piper LLP (US)
845 Texas Avenue, Suite 3800
Houston, Texas 77002
T: 713.425.8400
F: 713.425.8401
*Counsel for Defendant Wyndham Hotels & Resorts, Inc.*

David S. Sager, *pro hac vice*
NJ Bar No. 007361992; New York Bar No. 2772994
david.sager@us.dlapiper.com
DLA Piper LLP (US)
51 John F. Kennedy Pkwy., Suite 120
Short Hills, New Jersey 07078
T: 973.520.2570
F: 973.520.2551
*Counsel for Defendant Wyndham Hotels & Resorts, Inc.*

Dated: August 22, 2023

Respectfully submitted,



By:      */s/ Kenneth T. Fibich*
         Kenneth T. Fibich
         Texas Bar No.: 06952600
         tfibich@fibichlaw.com
         Sara J. Fendia
         Texas Bar No. 06898800
         sfendia@fibichlaw.com
         1150 Bissonnet Street
         Houston, Texas 77005
         713-751-0025 (Telephone)
         713-751-0030 (Facsimile)

         */s/ Steven C. Babin, Jr.*
         Steven C. Babin, Jr. (*pro hac vice
         forthcoming*)
         Steven.babin@babinlaws.com
         Jennifer J. El-Kadi (*pro hac vice
         forthcoming*)
         Jennifer.elkadi@babinlaws.com
         BABIN LAW, LLC
         65 E. State Street, Suite 1300
         Columbus, Ohio 43215
         T: 614-761-8800

         *Counsel for Plaintiff Jane Doe (A.S.)*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of August 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notice of such filing to all attorneys of record.

DLA PIPER LLP (US)
Jason Hopkins
State Bar No. 24059969
jason.hopkins@dlapiper.com
1900 N. Pearl St. Suite 2200
Dallas, Texas 75201
T: 214.743.4500
F: 214.743.4545

Christopher B. Donovan
State Bar No. 24097614
christopher.b.donovan@dlapiper.com
845 Texas Avenue, Suite 3800
Houston, Texas 77002
T: 713.425.8400
F: 713.425.8401

*Counsel for Defendants*
*Wyndham Hotels & Resorts, Inc.,*

                           */s/ Kenneth T. Fibich*
                             Kenneth T. Fibich