UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE (A.S.), | § | |
|        Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:23-cv-1969 |
| WYNDHAM HOTELS & RESORTS, INC., | § | |
| | § | |
|        Defendant. | § | |

## DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S ORIGINAL ANSWER

Defendant Wyndham Hotels & Resorts, Inc. ("WHR"), by its undersigned counsel, answers Plaintiff A.S.'s Original Petition as follows:[1]

1. WHR denies the allegations in Paragraph 1, except it lacks information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged trafficking, and WHR denies any characterization of the cited statute and WHR refers to its full text for its content.

2. The allegations in Paragraph 2 constitute argument or conclusions to which no response is required.

3. The allegations in Paragraph 3 constitute argument to which no response is required.

4. WHR admits that Congress enacted the TVPRA and WHR refers to the full text of that statute for its contents, otherwise WHR denies the allegations in Paragraph 4.

5. WHR denies the allegations in Paragraph 5, except WHR lacks knowledge and information sufficient to form a belief as to the truth of the allegation that Plaintiff was a victim of sex trafficking.

---

[1] WHR denies the characterization of any statutes or other materials cited, referenced, or quoted in the Petition, and WHR refers to authentic copies for their content.

6. WHR denies the allegations in Paragraph 6, except WHR lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding others.

7. WHR denies the allegations in Paragraph 7.

8. The allegations in Paragraph 8 constitute argument or conclusions to which no response is required.

9. WHR admits that the Court has subject matter jurisdiction. WHR denies the remaining allegations in Paragraph 9.

10. WHR admits that venue is proper in this Court. WHR denies the remaining allegations in Paragraph 10.

11. WHR lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11, except WHR denies that Plaintiff is entitled to proceed by pseudonym by operation of Texas law or any order entered by the Court as of the date of this filing.

12. WHR denies the allegations in Paragraph 12.

13. WHR denies the allegations in Paragraph 13.

14. WHR does not contest that no conditions precedent to filing exist.

15. The allegations in Paragraph 15 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

16. The allegations in Paragraph 16 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR denies that special damages have been pled with the requisite particularity.

17. The allegations in Paragraph 17 constitute argument or conclusions to which no response is required.

18. The allegations in Paragraph 18 constitute argument or conclusions to which no response is required.

19. The allegations in Paragraph 19 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR denies the allegations in Paragraph 19.

20. The allegations in Paragraph 20 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR denies the allegations in Paragraph 20, except it lacks sufficient knowledge and information to form a belief as to the truth of the allegations regarding others.

21. The allegations in Paragraph 21 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR denies the allegations in Paragraph 21, except it lacks sufficient knowledge and information to form a belief as to the truth of the allegations regarding others.

22. The allegations in Paragraph 22 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR denies the allegations in Paragraph 22 and further denies any characterization of the cited materials and refers to authentic copies for their content, except WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations regarding others.

23. The allegations in Paragraph 23 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR denies the allegations in Paragraph 23 and further denies any characterization of the cited material and refers to an authentic copy for its content, except WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations regarding others.

24.     The allegations in Paragraph 24 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR denies the allegations in Paragraph 24 and further denies any characterization of the cited material and refers to an authentic copy for its content, except WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations regarding others.

25.     The allegations in Paragraph 25 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR denies the allegations in Paragraph 25 and further denies any characterization of the cited material and refers to an authentic copy for its content, except WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations regarding others.

26.     The allegations in Paragraph 26 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR denies the allegations in Paragraph 26 and further denies any characterization of the cited material and refers to an authentic copy for its content, except WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations regarding the hotels and motels generally.

27.     The allegations in Paragraph 27 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, except WHR denies any characterization of the materials cited and refers to authentic copies for their content.

28.     The allegations in Paragraph 28 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph,

4

except WHR denies any characterization of the cited material and refers to an authentic copy for its content.

29. The allegations in Paragraph 29 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR denies the allegations in Paragraph 29 and further denies any characterization of the material cited and refers to an authentic copy for its content, except WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations regarding others.

30. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 30 and its subparts, except WHR denies any characterization of the materials cited and refers to authentic copies for their contents, and except WHR admits that certain organizations (e.g., Polaris, BEST) have materials regarding human trafficking.

31. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 31, except WHR denies any characterization of the material cited and refers to an authentic copy for its content.

32. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 32.

33. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 33, except WHR denies any characterization of the material cited and refers to authentic copies for their content.

34. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 34 and its subparts, except WHR denies any characterization of the cited materials and refers to authentic copies for their content.

35. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 35, except WHR denies any characterization of the cited materials and refers to authentic copies for their content.

36. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 36 and its subparts, except WHR denies any characterization of the cited material and refers to an authentic copy for its content.

37. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 37 and its subparts, except WHR denies any characterization of the cited materials and refers to authentic copies for their content.

38. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 38 and its subparts, except WHR denies any characterization of the cited materials and refers to authentic copies for their content.

39. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 39, except WHR denies any characterization of the cited materials and refers to authentic copies for their content.

40. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 40, except WHR denies any characterization of the cited materials and refers to authentic copies for their content.

41. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 41, except WHR denies any characterization of the cited material and refers to an authentic copy for its content.

42. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 42, except WHR denies any characterization of the cited material and refers to authentic copies for their content.

43. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 43, except WHR denies any characterization of the cited material and refers to an authentic copy for its content.

44. WHR denies the allegations in Paragraph 44 and further denies any characterization of the cited material and refers to an authentic copy for its content, except WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations regarding others.

45. WHR denies the allegations in Paragraph 45, except it lacks sufficient knowledge and information to form a belief as to the truth of the allegations regarding Plaintiff and her alleged trafficking.

46. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 46, except WHR denies any characterization of the cited material and refers to an authentic copy for its content.

47. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 47, except WHR denies any characterization of the cited material and refers to an authentic copy for its content.

48. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 48.

49. The allegations in Paragraph 49 constitute argument to which no response is required. Insofar as it is deemed that a response is required, WHR lacks sufficient knowledge and

information to form a belief as to the truth of the allegations in Paragraph 49, except WHR denies any characterization of the material cited and refers to an authentic copy for its content.

50. WHR denies the allegations in Paragraph 50.

51. WHR denies the allegations in Paragraph 51 and its subparts.

52. WHR denies the allegations in Paragraph 52.

53. WHR denies the allegations in Paragraph 53, except WHR lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding the hospitality industry generally.

54. WHR denies the allegations in Paragraph 54.

55. WHR denies the allegations in Paragraph 55.

56. WHR denies the allegations in Paragraph 56.

57. WHR lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58. WHR lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59. WHR lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60. WHR lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61. WHR denies the allegations in Paragraph 61, except it lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged trafficking.

62. WHR denies the allegations in Paragraph 62, except WHR lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff, her alleged trafficker, and what hotel staff employed by an independent third-party franchisee may have seen, known, or should have known.

63. WHR lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64. WHR lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65. WHR denies the allegations in Paragraph 65 and its subparts, except WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations regarding Plaintiff, her alleged trafficking, and what staff employed by an independent third-party franchisee may have seen or done.

66. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 66.

67. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 67, except WHR denies that it violated any law.

68. WHR lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 68.

69. WHR denies the allegations in Paragraph 69.

70. WHR denies the allegations in Paragraph 70 and its subparts.

71. WHR denies the allegations in Paragraph 71.

72. WHR denies the allegations in Paragraph 72.

73. WHR denies the allegations in Paragraph 73.

74. WHR denies the allegations in Paragraph 74.

75. WHR incorporates by reference its responses to all other paragraphs.

76. WHR denies any characterization of the cited statute and refers to its full text for its content.

77. WHR denies the allegations in Paragraph 77.

78. WHR denies the allegations in Paragraph 78.

79. WHR denies the allegations in Paragraph 79.

80. WHR denies the allegations in Paragraph 80 and further denies the characterization of the cited statute and refers to its full text at the time of Plaintiff's alleged trafficking for its content.

81. WHR denies the allegations in Paragraph 81 and further denies the characterization of the cited statute and refers to its full text at the time of Plaintiff's alleged trafficking for its content.

82. WHR denies the allegations in Paragraph 82.

83. WHR denies the allegations in Paragraph 83.

84. WHR denies the allegations in Paragraph 84.

85. WHR denies the allegations in Paragraph 85.

86. WHR denies the allegations in Paragraph 86.

87. WHR denies the allegations in Paragraph 87.

88. WHR denies the allegations in Paragraph 88.

89. WHR denies the allegations in Paragraph 89.

90. WHR denies the allegations in Paragraph 90.

91. WHR denies the allegations in Paragraph 91.

92. WHR denies the allegations in Paragraph 92.

93. WHR denies the allegations in Paragraph 93.

94. The allegations in Paragraph 94 constitute argument to which no response is required. Insofar as it is deemed that a response is required, WHR denies the allegation in Paragraph 94 and further denies any characterization of the cited case and refers to an authentic copy for its content.

95. WHR denies the allegations in Paragraph 95, except it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding "G6".

96. WHR denies the allegations in Paragraph 96.

97. The allegations in Paragraph 97 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR denies any characterization of the materials cited and refers to the full text of those materials for their content.

98. The allegations in Paragraph 98 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR denies any characterization of the case cited and refers to the full text of that decision for its content.

99. The allegations in Paragraph 99 constitute argument or conclusions to which no response is required. Insofar as it is deemed that a response is required, WHR denies the allegations in Paragraph 99, and WHR further denies any characterization of the cited case and refers to the full text of that decision for its content.

100. WHR denies the allegations in Paragraph 100.

101. The allegations in Paragraph 101 constitute argument to which no response is required. Insofar as it is deemed that a response is required, WHR denies the allegations in Paragraph 101.

102. WHR incorporates by reference its responses to all other paragraphs.

103. WHR denies that Plaintiff is entitled to recover from WHR.

104. WHR denies the allegations in Paragraph 104.

105. WHR denies that Plaintiff is entitled to recover from WHR.

106. Paragraph 106 is a jury demand to which no response is required.

## PRAYER FOR RELIEF & JURY DEMAND

WHR denies that Plaintiff is entitled to any recovery from WHR and requests that the Court enter a take-nothing judgment in WHR's favor, along with any other relief in law or equity to which WHR may be entitled. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, WHR demands a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Petition fails to state a claim upon which relief can be granted.

2. Plaintiff's claim is barred in whole or in part under the applicable statute of limitations and other applicable law.

3. Plaintiff's claim is barred in whole or in part because the incidents alleged (and all damages complained of, if any) were superseding and/or intervening acts of parties over whom WHR had no right of control.

4. Plaintiff's claim is barred in whole or in part because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than the WHR and DIW, including third parties such as Plaintiff's alleged traffickers, under the principles of equitable allocation, recoupment, set-off, collateral source, proportionate responsibility, contribution among tortfeasors and/or comparative fault.

5. Plaintiff's claim is barred in whole or in part because Plaintiff's injuries, if any, were the result of intentional acts by third parties (e.g., Plaintiff's alleged trafficker).

6. Plaintiff's claim is barred in whole or in part because insofar as any act or omission alleged herein was committed by WHR's agent or employee (which WHR denies), such agent or employee was not acting with the scope of their authority.

7. Plaintiff's claim is barred in whole or in part because WHR was not the proximate cause of Plaintiff's alleged injuries.

8. Plaintiff's claim is barred in whole or in part insofar as reasonable steps were not taken to mitigate damages.

9. Plaintiff's claim is barred in whole or in part by the doctrines of waiver and/or estoppel.

10. Plaintiff's claim is barred in whole or in part because the statute sued upon is unconstitutionally vague.

11. Plaintiff's claim is barred in whole or in part because WHR is not a proper party.

12. Punitive and/or exemplary damages are not authorized or warranted for Plaintiff's claim.

13. WHR did not directly or indirectly own, operate, manage, employ persons working at, or otherwise control the day-to-day operations of the franchised hotel in question.

WHEREFORE, WHR denies each and every allegation in the Petition, whether express or implied, insofar as WHR has not expressly and unequivocally admitted it in this Answer. Having answered the Petition, WHR prays that it be discharged from this action with reasonable court costs and such further relief as the Court may deem just and appropriate.

Dated: August 30, 2023  Respectfully submitted,

                                              DLA PIPER LLP (US)

                                              By: */s/ Jason Hopkins*
                                                   Jason Hopkins
                                                   State Bar No. 24059969
                                                   S.D. Tex. Bar 2108564
                                                   jason.hopkins@us.dlapiper.com
                                                   1900 N. Pearl St. Suite 2200
                                                   Dallas, Texas 75201
                                                   T: 214.743.4500
                                                   F: 214.743.4545

                                                   Christopher B. Donovan
                                                   State Bar No. 24097614
                                                   S.D. Tex. Bar 3120082
                                                   christopher.b.donovan@us.dlapiper.com
                                                   845 Texas Avenue, Suite 3800
                                                   Houston, Texas 77002
                                                   T: 713.425.8400
                                                   F: 713.425.8401

                                                   David S. Sager (*pro hac vice*)
                                                   david.sager@us.dlapiper.com
                                                   51 John F. Kennedy Parkway, Suite 120
                                                   Short Hills, New Jersey 07078
                                                   T: 973.520.2570
                                                   F: 973.520.2551

                                                   *Counsel for Defendant*
                                                   *Wyndham Hotels & Resorts, Inc.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 30th day of August 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notice of such filing to all attorneys of record.

               */s/ Christopher B. Donovan*
               Christopher B. Donovan
               S.D. Tex. Bar No.: 3120082
               Tex. Bar No.: 24097614